Filed 8/22/22 P. v. Sharp CA4/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MERRITT LLEWELLYN SHARP IV,<br><br>    Defendant and Appellant. | G060442<br><br>(Super. Ct. No. 17HF1371)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John R. Zitny, Judge. Affirmed.

Richard L. Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, A. Natasha Cortina, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

While on probation, defendant Merritt Llewellyn Sharp was arrested for possession of methamphetamine. Defendant's probation was summarily revoked and defendant was held without bail pending a formal revocation hearing. However, while defendant awaited a formal probation hearing, the probation department filed an uncontested petition to terminate defendant's probation based on a change in the law limiting the duration of felony probation. This petition was heard and granted by a different department of the superior court. When the time for defendant's formal revocation hearing arrived, defendant argued his probation had been terminated and the court lacked jurisdiction over him. The trial court rejected this argument and sentenced defendant to prison.

On appeal, defendant argues the trial court lacked jurisdiction to perform the formal revocation of his probation and sentence him because of the earlier termination of his probation. Based on *People v. Leiva* (2013) 56 Cal.4th 498, 505 (*Leiva*), we disagree and affirm.


FACTS

On October 27, 2017, defendant pleaded guilty to possession of methamphetamine for the purpose of sale. Defendant was placed on probation. Defendant's probation was revoked on December 6, 2017. Defendant's probation was reinstated on August 3, 2018, revoked again August 28, 2018, and reinstated again on February 6, 2020. In October 2020, defendant was again arrested for "possession of 12-24 pounds of methamphetamine." On October 9, 2020, the trial court summarily revoked defendant's probation and set the matter for a formal revocation hearing.

Around the same time as the last summary revocation of defendant's probation, the Legislature passed Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill No. 1950) which became effective January 1, 2021. (Stats. 2020, ch. 328, § 2.) Assembly Bill No. 1950 (among other things) amended Penal Code section 1203.1

2

to restrict most felony probation to a two-year maximum period. (Stats. 2020, ch. 328, § 2; *People v. Sims* (2021) 59 Cal.App.5th 943, 956.) This change was quickly deemed retroactive (see, e.g., *Sims*, at p. 964), but the law contained no express provision for automatic termination of probation at the end of two years where a court had previously imposed a longer period of probation, as was previously permissible. Evidently in an attempt to remedy this issue, the probation department filed a petition for termination of defendant's probation in a different department from that in which the formal probation revocation hearing was pending. The petition was granted.

When the formal probation revocation hearing finally took place, defendant took the position that his probation had been terminated and that the trial court now lacked jurisdiction over him. The trial court rejected this argument and sentenced defendant to an eight-month prison term. Defendant timely appealed.

DISCUSSION

Defendant argues the trial court's order terminating his probation deprived the trial court of jurisdiction over him and should have prevented it from proceeding with the formal revocation hearing. Further, after the completion of briefing, *People v. Canedos* (2022) 77 Cal.App.5th 469, review granted June 29, 2022, S274244 (*Canedos*), *People v. Faial* (2022) 75 Cal.App.5th 738, review granted May 18 2022, S273840 (*Faial*), and *Kuhnel v. Superior Court* (2022) 75 Cal.App.5th 726, review granted June 1, 2022, S274000 (*Kuhnel*), were decided, all of which bear upon the retroactive application of Assembly Bill No. 1950. We requested supplemental briefing to address these cases.

We conclude *Leiva*, *supra*, 56 Cal.4th 498 disposes of defendant's contention that the trial court's order terminating his probation deprived the trial court of jurisdiction. We also conclude Assembly Bill No. 1950 did not deprive the trial court of jurisdiction by operation of law under the theory endorsed by *Canedos* because

3

defendant's term of probation was tolled by the various revocations, such that he never completed two years of probation.

### 1. Leiva

In *Leiva*, the defendant pleaded no contest to three counts of burglary of a vehicle and was placed on probation for a three-year period. (*Leiva*, *supra*, 56 Cal.4th at p. 502.) The defendant was not a legal resident of the United States and was deported to El Salvador on the day he was released from jail. (*Ibid*.) As a result, the defendant failed to report to the probation department as the terms of his probation required and failed to appear at a subsequent probation violation hearing. (*Ibid*.) The trial court summarily revoked the defendant's probation and issued a bench warrant for his arrest. (*Ibid*.)

Seven years later, the defendant returned to court after his arrest on the outstanding warrant (having evidently returned to the U.S.). (*Leiva*, *supra*, 56 Cal.4th. at p. 503.) The trial court proceeded with a formal revocation hearing and concluded the defendant had violated his probation upon his return to the United States, some six years after his probation had originally been imposed. (*Ibid.*) The trial court reinstated and extended the defendant's probation, and the defendant appealed. (*Ibid.*)

This process repeated itself while defendant's initial appeal was pending, as the defendant was deported, returned to the United States, and was found to be in violation of his probation for re-entering the United States illegally. (*Leiva*, *supra*, 56 Cal.4th at pp. 503-504.) This time the defendant was sentenced to two years in prison. (*Id.* at p. 504.) Again, the defendant appealed. (*Ibid*.)

The Court of Appeal affirmed both orders, but the Supreme Court granted review and reversed. (*Leiva*, *supra*, 56 Cal.4th at pp. 504, 518.) The Supreme Court explained, "'[S]ummary revocation [of probation] gives the court jurisdiction over and physical custody of the defendant and is proper if the defendant is accorded a subsequent formal hearing in conformance with due process.'" (*Id.* at p. 505.) Even if the term of a

4

defendant's probation expires before judgment is rendered, a summary revocation of probation during the term of probation nonetheless grants the court jurisdiction over the defendant, but only with respect to acts occurring during the probationary period. (*Id.* at pp. 515-516.) Therefore, because the alleged probation violations in *Leiva* occurred outside the original probationary period, the trial court could not sentence the defendant or reinstate his probation. (*Id.* at pp. 517-518.)

Here, just as in *Leiva*, the trial court summarily revoked defendant's probation. Just as in *Leiva*, the term of defendant's probation expired before the formal probation revocation hearing could be conducted. In *Leiva*, the expiration of the term was automatic; here, the expiration of the term occurred due to a termination petition driven by a retroactive change in the law limiting the duration of felony probation. Regardless, in both cases the trial court's earlier summary revocation of probation gave the trial court continuing jurisdiction over the defendant to conduct a formal revocation hearing on acts that occurred during the probationary period. And because defendant's acts violating his probation occurred during the term of his probation, the trial court had jurisdiction to sentence defendant.

*2. Canedos, Faial, and Kuhnel*

A split of authority presently exists over the retroactive effect of Assembly Bill No. 1950. As to certain defendants who had completed two years or more of probation and whose probation was subsequently revoked, the *Canedos* court opined Assembly Bill No. 1950 retroactively deprived trial courts of jurisdiction to revoke their probation and sentence them, while the *Faial* and *Kuhnel* courts concluded otherwise. (Compare *Canedos*, *supra*, 77 Cal.App.5th at pp. 476-480, rev.gr., with *Faial*, *supra*, 75 Cal.App.5th at pp. 744-747, rev.gr., and *Kuhnel*, *supra*, 75 Cal.App.5th at pp. 732-737 rev.gr.) However, we need not weigh in on this issue to decide this case.

Defendant served 40 days of probation before the first revocation, 25 days between the first reinstatement and second revocation, and 246 days between the last reinstatement and revocation, for a total of 311 days. Thus, defendant did not complete two years of probation, and Assembly Bill No. 1950 did not affect the trial court's ability to revoke defendant's probation, even under *Canedos*.

## DISPOSITION

The judgment is affirmed.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.